Case History

Claimant Carey Baker was employed as a food handler by Respondent, Cherokee Nation Entertainment. Baker complained of injuries to her hand which were related to her job and filed a workers compensation claim which was denied.
She filed a Request for Arbitration pursuant to the provisions of the CN Workers Compensation Act which was received by CNE on June 4th, 2015. No filing fee was submitted with said request. The filing fee was paid promptly upon notice of the omission.
Respondents Petitioned the District Court requesting a determination that failure to submit the $100 filing fee at the time she filed the Request for Arbitration constituted a failure to comply with statutory requirements and Requesting a denial of arbitration on those grounds.
The District Court entered an order finding that the Claimant had “substantially complied ” with the statute, denying the Petition, and allowing the matter to proceed to Arbitration.
Respondents appeal from that order.

Issue

We are asked to determine whether the failure to submit the requisite filing fee at the time of filing the Request for Arbitration should deprive a Claimant of the right to Arbitration as provided by the statutes.

Standard of Review

The issue before the Court is one of statutory construction. Accordingly we reviewed de novo the legal conclusion of the District Court. Cherokee Nation Entertainment and Hudson Insurance v. Dillion, SC-12-08.

Discussion

In interpreting the Workers Compensation statute this Court has weighed the interest in procedural economy on the one hand, and the right of employees to afford themselves of the protections afforded them for due process there under on the other.
We take cognizance of the separation of the provisions set out in CNCA Title 85 § 47, which provisions separate the filing *386 deadlines set out in CNCA Title 85 § 47B from the requirement for costs addressed in CNCA Title 85 § 47C. CNCA Title 85 § 47C requires payment of a filing fee with the Request for arbitration provided for in CNCA Title 85 § 47B. CNCA Title 85 § 47B declares filing deadlines to be material and non-correctable for purposes of excusing honest, non-material and non-correctable mistakes, when employees represent themselves.
We take note that the statutory requirement of submission of the filing fee with the notice of appeal was not addressed as a material or non-correctable mistake, and that the fee is to be refunded in the event the employee prevails. The statute addresses the requirement of a filing fee and the exactitude of the filing deadline in different sections. This differentiation guides our determination that the omission of the filing fee, which omission was promptly corrected when called to Claimant’s attention, does not constitute a material, non-correctable mistake which should deprive her of the right to avail herself of the provisions and protections afforded her by the statutory scheme set out in CNCA Title 85 § 47.
We concur with the District Court’s determination that Claimant was in substantial compliance with the Workers Compensation statute, despite having been tardy in submission of the filing fee, and believe that the matter should proceed to Arbitration.
The order of the District Court allowing this matter to proceed to Arbitration is affirmed.
IT IS SO ORDERED.
Recused: Justice JAMES G. WILCOXEN.